UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALAN ALFONSO, on behalf of himself
and all others similarly situated,

                         Plaintiff,                  Case No.: 1:16-cv-363
                                                           (PKC)(LB)

       -against-

MAGGIES PARATRANSIT CORP.,

                        Defendant.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT OR STAY PROCEEDINGS

Jeffrey D. Pollack
Adam D. Friedland
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
pollack@mintzandgold.com
friedland@mintzandgold.com
*Attorneys for Defendant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS .................................................................................................................................. 1

    A. The Parties ................................................................................................................ 1

    B. Plaintiff is Covered by a Collective Bargaining Agreement That
       Requires Arbitration of All of his Claims ................................................................ 2

ARGUMENT ........................................................................................................................ 3

   Point 1
   The Mandatory Arbitration Provision of the CBA Compels
   Arbitration of All of Plaintiff's Claims ...................................................................... 3

   Point 2
   The Court Should Dismiss the Complaint ................................................................. 5

   Point 3
   Alternatively, the Court Should Stay the Action Pending Arbitration ...................... 6

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*14 Penn Plaza LLC v. Pyett,*
  556 U.S. 247, 274 (2009) .................................................................................................. 4, 5

*Arrigo v. Blue Fish Commodities, Inc.,*
  704 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) ....................................................................... 5, 6

*Boey Chau v. West Carver Medical Associates, P.C.,*
  2006 WL 3780546 (E.D.N.Y. Dec. 21, 2006) ....................................................................... 6

*Dean Witter Reynolds, Inc. v. Byrd,*
  470 U.S. 213, 221 (1985) .................................................................................................. 3, 5

*Gjoni v. Orsid Realty Corp.,*
  2015 U.S. Dist. LEXIS 97687, at *8 (S.D.N.Y. July 22, 2015) .............................................. 4

*Greene v. Am. Bldg. Maint.,*
  2013 U.S. Dist. LEXIS 122925, *6 (E.D.N.Y. Aug. 28, 2013) ............................................... 5

*Lawrence v. Sol G. Atlas Realty Co.,*
  2015 U.S. Dist. LEXIS 114063, at *7-*8 (E.D.N.Y. Aug. 27, 2015) ................................. 4, 5

*Mitsubishi Motors Corp. v. Soler Chrysler- Plymouth Inc.,*
  473 U.S. 614, 626 (1985) .................................................................................................. 3, 4

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.,*
  460 U.S. 1 (1983) ............................................................................................................... 3, 4

*Reynolds v. de Silva,*
  2010 U.S. Dist. LEXIS 18040, 2010 WL 743510, at *4 (S.D.N.Y. Feb. 24, 2010) ................ 4

*Rogers v. N.Y. Univ.,*
  220 F.3d 73, 76 (2d Cir. 2000) ............................................................................................... 4

*Southland Com. v. Keating,*
  465 U.S. 1, 11 (1984) ............................................................................................................. 3

**STATUTES**

9 U.S.C. § 3 ................................................................................................................................. 6

Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.* .......................................................................... 1

Federal Rule of Civil Procedure 12(b) ...................................................................................... 1

## **PRELIMINARY STATEMENT**

Defendant, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.,* and Federal Rule of Civil Procedure 12(b), submits this Memorandum in support of its motion to compel arbitration of all of Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims pursuant to the collective bargaining agreement between Defendant and Plaintiff's union, and to dismiss the complaint or, alternatively, for a stay of these proceedings pending the arbitration of those claims.

The grievance and arbitration provision in the collective bargaining agreement expressly applies to disputes under "any federal, state or local law." Thus, it clearly and unmistakably requires arbitration of Plaintiff's FLSA and NYLL claims. Accordingly the Court should grant Defendant's motion.

## **FACTS**

**A.     The Parties**

Defendant Maggies Paratransit Corp. ("Maggies" or "Defendant") is a corporation engaged in the transportation of disabled individuals pursuant to contracts with the Metropolitan Transit Authority. Complaint ¶ 2.

Maggies hired plaintiff as a Paratransit driver in February 2015. Complaint ¶ 14. He resigned his employment on April 6, 2016. Declaration of Carmelo Aquilia in Support of Defendant's Motion ("Aquilia Decl.") ¶ 8.

**B.     Plaintiff is Covered by a Collective Bargaining Agreement
That Requires Arbitration of All of his Claims**

Division 1181-1061, Amalgamated Transit Union, AFL-CIO (the "Union"), represents all of Defendant's drivers, including Plaintiff, for purposes of collectively bargaining their terms and conditions of employment. Aquilia Decl. ¶ 4. Defendant and the Union are parties to a collective bargaining agreement that ran from September 1, 2011 until August 31, 2015 (the "CBA"), and which was extended and modified pursuant to a memorandum of agreement dated November 17, 2015 (the "MOA"). (A copy of the CBA is attached as Exhibit A to the Aquilia Decl.; a copy of the MOA is attached as Exhibit B.)

Article 13 of the CBA provides, in part:

<u>All disputes complaints, controversies, claims and grievances arising between the Employer and the Union or any employees</u> covered by this Agreement with respect to, concerning, or growing out of interpretation, operation, application, performance or claimed breach of any of the terms and conditions of this Agreement or any rights or duties created hereunder or <u>under any federal, state or local law, shall be adjusted in accordance with the following procedure</u>:

4. Unresolved disputes shall be submitted to Arbitrator Elliot Shriftman or Richard Adelman on a rotating basis specific to each company.

5. The decision of the arbitrator shall be final and binding upon both parties.

Aquilia Decl. Ex. A at 12-13.

Thus, Plaintiff's FLSA (federal law) and NYLL (state law) claims are clearly and unmistakably subject to arbitration.[1]

---

[1] Moreover, Plaintiff's claims directly involve the terms of the CBA. Plaintiff complains about "manifest pay," Complaint ¶¶ 4-6, and about how Maggies calculates his hours of work. *Id.* ¶¶ 7-9. Article 22 of the CBA, entitled Regular Workweek and Workday, directly addresses the practices Plaintiff seeks to challenge.

2

## ARGUMENT

**Point 1.** **The Mandatory Arbitration Provision of the CBA Compels Arbitration of All of Plaintiff's Claims.**

The Federal Arbitration Act ("FAA") states, in part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Section 4 of the FAA states that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed.

9 U.S.C. § 4.

The Supreme Court has consistently recognized a strong federal policy in favor of arbitration. "[In enacting the FAA,] Congress declared a national policy favoring arbitration and withdrew the power of the state to require a judicial forum for the resolution of claims which the parties agreed to resolve by arbitration." *Southland Com. v. Keating,* 465 U.S. 1, 11 (1984); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.,* 460 U.S. 1 (1983) (declaring a "liberal policy favoring arbitration agreements"). This congressional policy "requires that [the courts] rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626 (1985) (*quoting Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

Accordingly:

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . The Arbitration Act

3

> establishes that, as a matter of law, any doubts concerning the scope of the arbitration issue should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Mitsubishi Motors Corp.*, 473 U.S. at 626 (*quoting Moses H. Cone Mem. Hosp.,* 460 U.S. at 24-25).

"A collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *14 Penn Plaza LLC v. Pyett,* 556 U.S. 247, 274 (2009).[2]

A "waiver [of the right to proceed in court] is sufficiently explicit if the arbitration clause contains a provision whereby employees specifically agree to submit all federal causes of action arising out of their employment to arbitration . . . ." *Lawrence v. Sol G. Atlas Realty Co.,* 2015 U.S. Dist. LEXIS 114063, at *11 (E.D.N.Y. Aug. 27, 2015) (*citing Rogers v. N.Y. Univ.,* 220 F.3d 73, 76 (2d Cir. 2000)).

In *Lawrence*, plaintiff brought claims under the FLSA and the NYLL (as well as federal and state discrimination statutes). Like the instant case, the terms and conditions of Mr. Lawrence's employment were governed by a collective bargaining agreement. Also, like here, the collective bargaining agreement contained an arbitration procedure that was the sole and exclusive avenue for addressing grievances under the contract or "applicable law." *Id.* at *4. The *Lawrence* court found the claims were arbitrable, and thus compelled arbitration and dismissed the complaint. *Id.* at *13-*15.

---

[2] Although *14 Penn Plaza* involved claims under ADEA, the same analysis applies here because claims under the FLSA and NYLL are arbitrable. *Lawrence v. Sol G. Atlas Realty Co.,* 2015 U.S. Dist. LEXIS 114063, at *7-*8 (E.D.N.Y. Aug. 27, 2015); *Gjoni v. Orsid Realty Corp.,* 2015 U.S. Dist. LEXIS 97687, at *8 (S.D.N.Y. July 22, 2015) (citing *Reynolds v. de Silva,* 2010 U.S. Dist. LEXIS 18040, 2010 WL 743510, at *4 (S.D.N.Y. Feb. 24, 2010)).

4

Once a court finds a valid arbitration agreement, there is "no place for the exercise of discretion"; rather, the court "shall direct the parties to proceed to arbitration." *Dean Witter Reynolds,* 470 U.S. at 218. Here, the arbitration provision in the CBA expressly applies to a claimed violation of "any federal, state or local law." Thus, it clearly and unmistakably requires Plaintiff to submit his FLSA and NYLL claims to arbitration. Defendant, therefore, respectfully requests that the Court compel Plaintiff to arbitrate all of his claims.

**Point 2        The Court Should Dismiss the Complaint.**

"Following *[14 Penn Plaza v.] Pyett*, district courts within the Second Circuit have dismissed lawsuits arising under the ADA, the ADEA, and Title VII based on arbitration clauses similar to the one at issue here." *Greene v. Am. Bldg. Maint.,* 2013 U.S. Dist. LEXIS 122925, *6 (E.D.N.Y. Aug. 28, 2013) (collecting cases). FLSA cases are no different. *See Lawrence, supra; Arrigo v. Blue Fish Commodities, Inc.,* 704 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) (dismissing case because "[the agreement] states that the 'arbitrator is authorized to resolve all federal and state statutory claims.' Arrigo's federal, state, and municipal claims, premised on his compensation in the course of his employment, fall squarely within the scope of the Arbitration Provision.").

The complaint raises claims under federal and state law that are subject to arbitration under the CBA, thus Defendant respectfully requests that the Court dismiss the complaint in its entirety.

**Point 3        Alternatively, the Court Should Stay the Action Pending Arbitration.**

If the Court declines to dismiss the complaint, it should stay the proceedings pending arbitration.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  *Cf. Arrigo,* 704 F. Supp. 2d at 304-05 ("[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings.) (citations omitted).

As detailed above, all of Plaintiff's claims in this case must be submitted to arbitration. Therefore, Defendant respectfully submits that if the Court declines to dismiss the complaint then the Court should order a stay of these proceedings while Plaintiff's claims are being arbitrated.  *See Boey Chau v. West Carver Medical Associates, P.C.*, 2006 WL 3780546 (E.D.N.Y. Dec. 21, 2006) (granting motion to compel arbitration and staying proceedings pursuant to 9 U.S.C. § 3).

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court compel Plaintiff to submit all of his claims to arbitration pursuant to the CBA.  Defendant further requests that the Court dismiss the complaint or, alternatively, that the Court stay all proceedings on Plaintiff's complaint pending the arbitration of Plaintiff's claims.

Dated: New York, NY
       April 18, 2016

                                              S/ Jeffrey D. Pollack

                                              Jeffrey D. Pollack
                                              Adam D. Friedland
                                              600 Third Avenue, 25th Floor
                                              New York, New York 10016
                                              Tel: (212) 696-4848
                                              Fax: (212) 696-1231
                                              pollack@mintzandgold.com
                                              quill@mintzandgold.com

                                              *Attorneys for Defendant*