UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALAN ALFONSO, on behalf of himself
And all others similarly situated,

                           Plaintiff,            **ORDER GRANTING MOTION TO COMPEL ARBITRATION**

      -against-

                                          16-CV-0363 (PKC)(LB)

MAGGIES PARATRANSIT CORP.,

                           Defendant.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Between February 2015 and April 2016, Plaintiff Alan Alfonso was employed as a driver for Defendant Maggies Paratransit Corporation, a business engaged in the transportation of disabled individuals. Plaintiff brings this putative collective and class action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendant for failure to pay for all hours worked and overtime to Plaintiff and all similarly situated employees.

      Defendant contends that Plaintiff's claims are subject to mandatory arbitration pursuant to an underlying collective bargaining agreement between Defendant and Plaintiff's union representative, and moves to compel arbitration on that basis. (Dkts. 18, 19.) In opposing Defendant's motion, Plaintiff argues that the arbitration provision in question constitutes an impermissible waiver of his federally protected rights, and is thus unenforceable. (Dkt. 22 ("Opp'n").) Based on the parties' submissions and for the reasons set forth below, the Court GRANTS Defendant's motion to compel arbitration and STAYS this action pending arbitration.[1]

---

[1] The Court denies Plaintiff's request for oral argument as unnecessary. (Dkt. 23.)

**DISCUSSION**

I.  **LEGAL STANDARD**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.*, which the parties agree governs the instant motion, "creates a body of federal substantive law of arbitrability applicable to arbitration agreements . . . affecting interstate commerce." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). The FAA was enacted to reverse "centuries of judicial hostility to arbitration agreements" and "to place arbitration agreements upon the same footing as other contracts." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (internal quotation marks and citations omitted). Reflecting this policy, Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. And Section 4 requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement, provided that there is no issue regarding its formation or validity.[2] *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (citing 9 U.S.C. § 4).

---

[2] Defendant styles the instant motion both as one to compel arbitration under the FAA, and in the alternative, as a motion to dismiss under Federal Rule of Civil Procedure 12(b), without specifying a subsection. The Court observes that there is a "lack of clarity in the case law of this Circuit" as to what procedural mechanism should be employed by courts evaluating the enforceability of an arbitration agreement. *Hamzaraj v. ABM Janitorial Ne. Inc.*, No. 15-cv-2030, 2016 WL 3571387, at *4 n.4 (S.D.N.Y. June 27, 2016) (quoting *Tyler v. City of New York*, No. 05-cv-3620, 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006) (collecting cases analyzing such motions under Rule 12(b)(1), 12(b)(6), and/or the FAA—or without specifying)). The Court concludes that Section 4 of the FAA, and not Rule 12(b), is the procedurally proper framework under which to evaluate the instant motion. Because Section 4 provides for a specific mechanism for moving to compel arbitration, the Federal Rules of Civil Procedure ("FRCP") are inapplicable. *See* Fed. R. Civ. P. 81(a)(6)(B) (FAA proceedings are governed by the FRCP, unless the FAA "provide[s] other procedures"); 9 U.S.C. § 6 ("Any application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of motions, *except as otherwise herein expressly provided*.") (emphasis added).

"In the context of motions to compel arbitration brought under the [FAA] . . . the court applies a standard similar to that applicable for a motion for summary judgment," *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003), and courts may therefore consider materials outside the complaint, including the arbitration agreement itself. "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011) (internal quotation marks omitted). The party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)).

## II.   THE COLLECTIVE BARGAINING AGREEMENT

Division 1181-1061, Amalgamated Transit Union, AFL-CIO (the "Union"), represents all of Defendant's drivers, including Plaintiff, for purposes of collectively bargaining their terms and conditions of employment. (*See* Dkt. 20 ("Aquilia Aff.") ¶ 4.) Plaintiff does not dispute that during his employment, which terminated in April 2016, he was bound by a collective bargaining agreement (the "CBA") entered into between Defendant and the Union. (*Id.* ¶¶ 5, 8.)

Article 13 of the CBA contains the grievance and arbitration procedure now being invoked by Defendant. It provides, in relevant part:

> All disputes, complaints, controversies, claims, and grievances arising between the Employer and the Union *or any employees covered by this Agreement* with respect to, concerning, or growing out of interpretation, operation, application, performance or claimed breach of any of the terms and conditions of this Agreement or any rights or duties created hereunder *or under any federal, state or local law*, *shall* be adjusted in accordance with the following procedure:

3

(Dkt. 25-1 ("CBA") Art. 13.) (emphasis added). The grievance procedure is a three-step process. First, "[t]he matter shall [] be taken up between the Employer and [Union] Shop Steward within thirty (30) days of the time the employee or Union knew or reasonably should have known of the facts giving rise to the dispute." (*Id.* Art. 13.1.) Second, if the dispute is not resolved, then within 30 days thereafter, "a hearing shall be held between the Employer and the Union representative." (*Id.* Art. 13.2.) Finally, if the dispute is still not resolved after such hearing, then "within thirty (30) days thereafter the grievance shall be reduced to writing by the aggrieved party and the matter may be submitted to arbitration (i.e. within sixty (60) days of the meeting between the Employer and the Shop Steward)." (*Id.* Art. 13.3.)

Article 13.5 of the CBA provides that the decision of the arbitrator "shall be final and binding upon both parties." (*Id.* Art. 13.5.) Article 13.6 provides that "[a]ny grievance not submitted to arbitration within the time periods specified above shall be waived and considered ineligible for arbitration unless the parties agree otherwise in a signed writing." (*Id.* Art. 13.6.)

### III. ENFORCEABILITY OF THE CBA'S ARBITRATION PROVISION

#### A. Substantive Waiver of Statutory Rights

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the United States Supreme Court made clear that a mandatory arbitration clause in a collective bargaining agreement is enforceable as to union members where it "clearly and unmistakably requires union members to arbitrate [the federal statutory claim]," and Congress has not prohibited those claims from being arbitrated. *Id.* at 257, 274. Courts in this Circuit have since applied *Penn Plaza*'s holding to claims arising under the FLSA and NYLL. *See, e.g.*, *Lawrence v. Sol G. Atlas Realty Co., Inc.*, No. 14-cv-3616, 2015 WL 5076957, at *3 (E.D.N.Y. Aug. 27, 2015); *Gjoni v. Orsid Realty Corp.*, No. 14-cv-8982, 2015 WL 4557037, at *3 (S.D.N.Y. July 22, 2015). Plaintiff does not appear to dispute that the

4

mandatory nature of the CBA's arbitration provision is "clear and unmistakable" as to his FLSA and NYLL claims.[3] Nor does Plaintiff contend that Congress has prohibited arbitration of these claims or otherwise dispute that FLSA and NYLL claims are susceptible to mandatory arbitration.[4]

Plaintiff, however, argues that the CBA's arbitration provisions are unenforceable because they effect a substantive waiver of his federal statutory rights. (Opp'n at ECF 5-6; 11-20.)[5] Specifically, Plaintiff challenges two sets of provisions: (1) first, Plaintiff argues that Article 13.3 allows the Union to unilaterally decline to submit Plaintiff's claims to arbitration, rendering Plaintiff "powerless" to vindicate his federal statutory rights on his own in such an event; (2) second, Plaintiff argues that Articles 13.1 and 13.6 operate to shorten the statute of limitations for bringing a FLSA claim to 30 days, by requiring the Union to act within 30 days of when it or the

---

[3] Courts in the Second Circuit will find that a collective bargaining agreement "clearly and unmistakably" encompasses statutory claims if either of two conditions is met: (1) the arbitration clause contains a provision whereby employees "specifically agree to submit all federal causes of action arising out of their employment to arbitration," or (2) it contains "an explicit incorporation of the statutory . . . requirements in addition to a broad and general arbitration clause." *McLean v. Garage Mgmt. Corp.*, No. 10-cv-3950, 2011 WL 1143003, at *5 (S.D.N.Y. Mar. 29, 2011) (citing *Rogers v. N.Y. Univ.*, 220 F.3d 73, 76 (2d Cir. 2000)). The Court finds that the instant arbitration provision falls into the former category because it expressly provides that disputes arising out of "any rights or duties created . . . under *federal*, state, or local law" would be subject to arbitration. *Cf. Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461, 470 (S.D.N.Y. 2010) (finding waiver was not "clear and unmistakable" where the agreement provided merely that "[a]ll disputes concerning the application, interpretation or construction *of this Agreement, or any of its terms, conditions or provisions*" must proceed through the grievance procedures, without referencing federal law) (emphasis added); *Rogers*, 220 F.3d at 76 (waiver not "clear and unmistakable" where agreement mandated arbitration for "any dispute concerning the interpretation, application, or claimed violation *of a specific term or provision of this Agreement*," as the "degree of generality . . . falls far short of a specific agreement to submit all federal claims to arbitration") (emphasis added).

[4] Indeed, the arbitrability of FLSA and NYLL claims is well-settled in this Circuit. *See, e.g.*, *Lawrence*, 2015 WL 5076957, at *3; *Gjoni*, 2015 WL 4557037, at *3; *Reynolds v. de Silva*, No. 09-cv-9218, 2010 WL 743510, at *4 (S.D.N.Y. Feb. 24, 2010).

[5] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not a document's internal pagination.

employee first "knew or reasonably should have known of the facts giving rise to the dispute," or else to forfeit the ability to proceed with the grievance procedure. (*See id.* at ECF 9.) The Court takes these arguments in turn.

### i. Union's Discretion to Decline to Pursue Arbitration

The United States Supreme Court in *Penn Plaza* expressly left open the question of whether a collective bargaining agreement which allows a union to "block arbitration" of union members' federal statutory claims "operates as a substantive waiver of their . . . rights." 556 U.S. at 273-74. There, the union-member-respondents contended, as one of many arguments, that the agreement allowed their union to preclude them from arbitration entirely by declining to pursue the union members' age discrimination claims. *Id.* The employer-petitioners, however, pointed to record evidence that the union had permitted respondents to continue with the arbitration even though the union itself had withdrawn. *Id.* at 274. The Supreme Court declined to address whether, under these circumstances, respondents were prevented from "effectively vindicating" their federal statutory rights, noting that such a determination "require[d] resolution of contested factual allegations" and "was not fully briefed to this or any court and is not fairly encompassed within the question presented." *Id.* The court further noted that "[r]esolution of this question at this juncture would be particularly inappropriate in light of our hesitation to invalidate arbitration agreements on the basis of speculation." *Id.* (citing *Green Tree*, 531 U.S. at 91).

Though Plaintiff attempts to fit the instant case into this so-called "exception" identified by *Penn Plaza*, the Court finds that, as in *Penn Plaza*, the Court has no occasion here to pass on the issue of whether the CBA effects a substantive waiver of Plaintiff's federal statutory rights.[6]

---

[6] As an aside, the Court notes that because the threshold question before it is whether the challenged CBA provisions constitute substantive waivers of Plaintiff's statutory rights at all, Plaintiff's reliance on *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for

Plaintiff has introduced no evidence that he made any attempt to initiate the grievance process prior to bringing this action in federal court, let alone that the Union has, in fact, declined to arbitrate his claims.[7]  Accordingly, Plaintiff's concern that the CBA does not provide for a mechanism by which he may pursue arbitration on his own if the Union declines to participate—thereby leaving him without access to any forum at all in such an event—is entirely conjectural.

Based on *Penn Plaza*, the Court cannot find that the mere existence of a provision in a collective bargaining agreement that confers unfettered discretion on the union in deciding which claims to arbitrate[8]—*without* any showing that the union, *in fact*, exercised that discretion to block arbitration of an employee's claims and left him without recourse—is enough for the Court to find a substantive waiver.  As the Supreme Court reiterated in *Penn Plaza*, arbitration agreements should not be invalidated "on the basis of speculation."  556 U.S. at 274; *see also, e.g.*, *Green*

---

the proposition that an employee's FLSA rights may not be waived without approval by the Department of Labor or a court, is wholly inapposite.

[7] Plaintiff argues that "[Defendant] has not introduced any evidence showing that the Union has commenced a grievance on behalf of Plaintiff, and it thus appears that the Union has waived Plaintiff's claims." (Opp'n at ECF 14.)  But "the burden of showing that a federal statutory claim is incapable of vindication lies with the litigant seeking to avoid arbitration." *Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 660 (S.D.N.Y. 2011) (citing *Green Tree*, 531 U.S. at 90).  Thus, it is *Plaintiff* who must introduce evidence showing that he attempted to submit his claims to the grievance procedure but was ultimately precluded from arbitration.

[8] The Court observes, however, that it is far from clear that Article 13.3 actually entrusts "sole authority" or "unfettered discretion" to the Union as to whether to submit Plaintiff's claims to arbitration, as characterized by Plaintiff.  The CBA's language provides: "[i]f the dispute is not resolved at the hearing [between the Employer and the Union representative] . . . the matter *may be submitted to arbitration*." (CBA Art. 13.3).  This language does not make clear *who* may submit the matter to arbitration and does not, by its terms, necessarily preclude the employee from doing so without Union participation.  *See Gildea v. BLDG Mgmt.*, No. 10-cv-3347, 2011 WL 4343464, at *5 (S.D.N.Y. Aug. 16, 2011) (finding that a collective bargaining agreement that was silent on how arbitration of an employee's claim was to be initiated "does not foreclose the possibility that an employee may proceed to arbitration without Union participation," or that the employer and union may enter into a "gap-filling" agreement providing for such a mechanism).

*Tree*, 531 U.S. at 91 (mere "risk" that a party "will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement"); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985) (court had "no occasion to speculate" on whether the arbitration agreement's choice-of-forum and choice-of-law clauses could operate in tandem to deprive a claimant of his right to pursue federal remedies, but "would have little hesitation in condemning the agreement" if such a situation came to pass); *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 182 (2d Cir. 2004) ("[B]ecause [the choice of law during arbitration proceedings] is speculative, our consideration of whether [plaintiff] will be able to effectively vindicate its rights under the Sherman Act is premature."). The Court additionally notes that *Penn Plaza* appeared to reject the notion that a provision giving a union "exclusive control over the manner and extent to which an individual grievance is presented" was, by itself, a sufficient basis for invalidation of the provision.[9]  556 U.S. at 269 (discussing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 58 n.19 (1974)).

---

[9] The Court similarly rejects Plaintiff's argument that the Union "cannot be expected to arbitrate claims brought by a former employee that require the Union to attack its own work [the negotiation of the CBA]," (Opp'n at ECF 14), which was squarely rejected in *Penn Plaza* as a reason for invalidation. *See* 556 U.S. at 269-72. Were the Union to decline on such grounds, Plaintiff's remedy would be a suit for breach of the union's duty of fair representation. *Id.*
  The Court also rejects Plaintiff's argument that an arbitrator would somehow be without authority to provide the relief sought. Plaintiff argues that if the arbitrator were to find that the CBA's "Manifest Pay" provision in question violated the FLSA, the arbitrator would be without power to revise that aspect of the CBA, because the CBA prohibits the arbitrator from amending the CBA. (Opp'n at ECF 16.) As Defendant points out in its brief, however, in such a situation, the bargaining parties would simply negotiate new language in light of the arbitrator's ruling.
  Finally, the Court rejects Plaintiff's outdated suggestion that an arbitrator would somehow be incompetent to interpret the federal or state law necessary to resolve Plaintiff's claims. *See Mitsubishi Motors*, 473 U.S. at 626-627 ("[W]e are well past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals inhibited the development of arbitration as an alternative means of dispute resolution").

Thus, courts in this Circuit addressing the "*Penn Plaza* exception"—including those cited by Plaintiff—have found collective bargaining agreements unenforceable only where the submission of a statutory claim to arbitration is exclusively within the province of the union *and* the union has, *in fact*, declined to pursue the matter. *See, e.g.*, *Brown v. Servs. for the Underserved*, No. 12-cv-317, 2012 WL 3111903, at *3 (E.D.N.Y. July 31, 2012) (Gleeson, J.) (finding arbitration provision unenforceable where "it gave the Union exclusive authority to decide whether to pursue [the plaintiff's] discrimination claims, and the Union in fact denied [the plaintiff] the opportunity to pursue those claims"); *accord Morris v. Temco Serv. Indus., Inc.*, No. 09-cv-6194, 2010 WL 3291810, at *5–6 (S.D.N.Y. Aug. 12, 2010) (Pauley, J.); *Kravar v. Triangle Servs., Inc.*, No. 06-cv-07858, 2009 WL 1392595 (S.D.N.Y. May 19, 2009).[10]  *Cf. Begonja v. Vornado Realty Trust*, No. 15-cv-4665, 2016 WL 356090, at *6 (S.D.N.Y. Jan. 29, 2016) (Engelmeyer, J.) (noting *Penn Plaza* exception was not before the court where the plaintiff "does not anywhere allege that the Union has in fact declined—or threatened to decline—to support her discrimination claims"); *Johnson v. Tishman Speyer Properties, L.P.*, No. 09-cv-1959, 2009 WL 3364038, at *4 (S.D.N.Y. Oct. 16, 2009) (Pauley, J.) ("[B]ecause [the plaintiff] concedes that he declined to pursue his grievance, this Court need not consider [the *Penn Plaza*] exception.").

Rather, courts confronting situations in which a plaintiff has not exhausted the grievance and arbitration procedure set forth in a collective bargaining agreement have compelled arbitration, without prejudice to the plaintiff's ability to seek further relief in court should he later find himself

---

[10] The Court notes that following *Penn Plaza*, many employers and unions entered into supplemental agreements expressly providing avenues for union members to arbitrate in the event their union declined to, in order to avoid the risk of substantive waiver. *See e.g.*, *Jenkins v. Collins Bldg. Servs., Inc.*, No. 10-cv-6305, 2013 WL 8112381, at *3 (S.D.N.Y. Oct. 17, 2013); *Pontier v. U.H.O. Mgmt. Corp.*, No. 10-cv-8828, 2011 WL 1346801, at *1 (S.D.N.Y. Apr. 1, 2011); *Duraku v. Tishman Spever Properties, Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010).

precluded from arbitration. *See, e.g.*, *Greene v. Am. Bldg. Maint.*, No. 12-cv-4899, 2013 WL 4647520, at *3 (E.D.N.Y. Aug. 28, 2013) (Irizarry, J.) (compelling arbitration where plaintiff had not alleged he "has made any attempt to [arbitrate] . . . or that he was prevented or impeded from arbitrating his claim," and dismissing claims without prejudice to refile should his arbitration efforts be blocked); *Veliz v. Collins Bldg. Servs., Inc.*, No. 10-cv-6615, 2011 WL 4444498, at *4 (S.D.N.Y. Sept. 26, 2011) (Holwell, J.) (dismissing plaintiff's claims and noting that "if the CBA operates to preclude [plaintiff's] attempt, if any, to resolve his statutory claims . . . the CBA will be unenforceable and [plaintiff] will have the right to refile his claim in federal court"); *Borrero v. Ruppert Hous. Co.*, No. 08-cv-5869, 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2009) (Baer, J.) ("Should [plaintiff's] attempts to arbitrate his claims be thwarted by the Union, the CBA will have operated as a 'substantive waiver' of his statutorily created rights and he will have the right to re-file his claims in federal court.").

Here too, the Court finds that the appropriate course of action is to grant Defendant's motion to compel arbitration, while permitting Plaintiff to seek further relief from this Court should he later find himself precluded from arbitrating his claims.

### ii. Shortening of FLSA Statute of Limitations

For similar reasons, the Court must also reject Plaintiff's second argument with respect to Articles 13.1 and 13.6 effectively shortening the FLSA statute of limitations. As with Plaintiff's challenge to Article 13.3 above, this challenge is premature. In *Ragone*, the Second Circuit declined to reach the issue of whether an arbitration agreement that appeared to shorten the statute of limitations for a federal statutory claim was void under the FAA, noting that the employer had opted to waive the provision anyway. *See* 595 F.3d at 12 ; *see also id.* ("[H]ad the defendants not waived enforcement, it is at least possible that [the plaintiff] would be able to demonstrate that

these provisions were incompatible with her ability to pursue her Title VI claims in arbitration, and therefore void under the FAA.").

Here, Article 13.6 expressly permits Defendant and the Union to waive the normal 30-day requirement for filing a grievance by executing a signed writing. Plaintiff has not introduced any evidence that either Defendant or the Union has declined to sign such a writing waiving enforcement of the 30-day requirement. Because the Court finds that Plaintiff has not demonstrated that he has been precluded from submitting a grievance on the basis of the Article 13.6 time-bar, there is no basis at this time to find that the statute of limitations for his FLSA claims has been improperly shortened. Again, Plaintiff may seek further relief from this Court should he be precluded from arbitrating his FLSA claims based on Article 13.6's time-bar in the future.[11]

### B. Unconscionability

Plaintiff argues in the alternative that the arbitration agreement is unconscionable. This is normally a question of contractual validity that must be analyzed under New York law. *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003). On this point, however, Plaintiff simply repeats his arguments as to substantive waiver, including that the CBA entrusts the Union with sole discretion to submit a claim to arbitration and shortens the statute of limitations on Plaintiff's FLSA claim. Because the Court has found that the CBA effects no substantive waiver of Plaintiff's rights at this juncture, it rejects these same arguments as grounds for unconscionability.

---

[11] The Court notes, however, that even if it were to find Article 13.6 void as impermissibly shortening the statute of limitations for a FLSA claim, the other mandatory arbitration provisions would remain enforceable. *Ragone*, 595 F.3d at 124-25 ("[T]he appropriate remedy when a court is faced with a plainly unconscionable provision of an arbitration agreement—one which by itself would actually preclude a plaintiff from pursuing her statutory rights—is to sever the improper provision of the arbitration agreement, rather than void the entire agreement.") (citation omitted).

The Court also rejects Plaintiff's argument that the CBA is unconscionable because he had to accept it in order to remain employed by Defendant. *See Ragone*, 2008 WL 4058480, at *7 ("The fact that the agreement was offered on a take it or leave it basis, alone, is insufficient to support a finding that the plaintiff lacked a 'meaningful choice' in signing the agreement."); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("[m]ere inequality in bargaining power" is not a basis for declining to enforce arbitration agreements contained in employment contracts). Finally, the Court rejects Plaintiff's remaining argument that the CBA is unconscionable because it requires the parties to split the cost of arbitration and arbitration is prohibitively expensive for Plaintiff. Plaintiff misreads the plain language of the arbitration agreement, which states—unambiguously—that the cost of arbitration shall be shared by "[t]he Employer and the Union," and not the employer and employee.[12] Thus, the Court finds the arbitration provisions of the CBA are not unconscionable.

## IV.   STAYING THE INSTANT PROCEEDINGS

Having concluded that Plaintiff's claims are subject to mandatory arbitration, the Court must decide whether to dismiss or stay this action pending arbitration. The Second Circuit recently held that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015). Although neither party has requested a stay here,[13] the Court finds that the same policy reasons relied on in *Katz*

---

[12] In any event, Plaintiff has not demonstrated a likelihood of incurring prohibitively high filing and administrative costs to initiating arbitration. *See Green Tree*, 531 U.S. at 92 ("It may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights."). More recently, the Supreme Court has made clear that the mere fact that a plaintiff may not feel that arbitration is worth the expense does not establish a substantive waiver. *Am. Express. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310–11 (2013).

[13] Defendant requests a stay only as an alternative to dismissal of the action in its entirety, and Plaintiff's papers are silent on the issue.

12

support a stay of the case here. *Id.* at 346 (noting that a stay is consistent with the FAA's underlying policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible . . . [and to] enable[] parties to proceed to arbitration directly, unencumbered by the uncertainty and expense of additional litigation"). The Court additionally finds a stay appropriate in light of the possibility that Plaintiff may require further redress from this Court, as discussed above. Accordingly, the Court will stay this matter pending arbitration.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is GRANTED and this case is STAYED. If Plaintiff wishes to proceed with his claims, he is directed to submit to the grievance and arbitration procedures contemplated by Article 13 of the CBA. If Plaintiff finds that he is precluded from submitting his claims to arbitration—either because the Union declines to arbitrate his claims and there is no avenue for him to unilaterally pursue arbitration, or because his claims are found to be time-barred under the CBA—Plaintiff may seek further redress from this Court. The parties are directed to inform the Court of any resolution of the arbitration proceedings or any other event that would affect the stay of this matter.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 23, 2016
　　　　Brooklyn, New York